MILSTEIN, ADELMAN & KREGER, LLP
WAYNE S. KREGER, State Bar No. 154759
wkreger@maklawyers.com
LAUNA N. EVERMAN, State Bar No. 227743
leverman@maklawyers.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone (310) 396-9600
Facsimile (310) 396-9635

Attorneys for Plaintiff,
Shogher Andonian

# IN THE UNITED STATES DISTRICT COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| SHOGHER ANDONIAN, individually and on behalf of all others similarly situated, | CASE NO. CV 07 2349 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| vs. | [15 U.S.C. § 1681, *et seq.*] |
| RITZ CAMERA CENTERS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## PRELIMINARY STATEMENT

This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Plaintiff SHOGHER ANDONIAN, individually and on behalf of all others similarly situated (the "Class" or "Class Members"), brings this action as a class action against defendants RITZ CAMERA CENTERS, INC. and DOES 1-10 (collectively "Defendants") based on Defendants' practice of violating 15 U.S.C. § 1681c(g), a provision of the Fair and Accurate Credit Transactions Act ("FACTA"), which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud. Specifically, section 1681c(g) provides that "no person that

accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." Despite having had several years to bring themselves into compliance with the law, Defendants have willfully violated section 1681c(g) repeatedly with respect to Plaintiff and the Class. Based on these violations, Defendants are liable to Plaintiff and the Class as set forth by Congress in 15 U.S.C. § 1681n.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. Venue is proper within this district and pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this district, and because there is personal jurisdiction in this district over the sole named defendant.

## PARTIES

3. Plaintiff SHOGHER ANDONIAN ("Plaintiff") is a resident of the State of California and the County of Los Angeles, and is a "consumer" as defined by 15 U.S.C. § 1681a(c). Pursuant to Federal Rules of Civil Procedure, rules 23(a) and 23(b)(3), Plaintiff seeks to represent a nationwide class of persons similarly situated.

4. Defendant RITZ CAMERA CENTERS, INC. ("Ritz") is a Delaware corporation which lists its address with the California Secretary of State as being in Beltsville, Maryland. Ritz conducts business in the State of California, at numerous locations in this district, and throughout the United States, and is a "person that accepts credit cards or debit cards for the transaction of business" under the FCRA.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, Ritz and DOES 1 through 10 were affiliated and were an integrated enterprise.

6.  The true names and capacities, whether individual, corporate, associate, or otherwise of the defendants named herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these defendants by fictitious names. Plaintiffs will seek leave of this Court to amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

7.  Plaintiff is informed and believes and thereon alleges that at all relevant times each defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the defendants, and was engaged with some or all of the defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## GENERAL ALLEGATIONS

8.  Section 1681c(g), by its express terms, became effective on December 4, 2004 with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions" (collectively referred to herein as "Cash Register" or "Cash Registers") that was "first put into use on or after January 1, 2005." With respect to Cash Registers that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress gave companies which were using Cash Registers put in use before January 1, 2005 three full years to comply with the requirements of FACTA. In contrast, with respect to Cash Registers first put into use on or after January 1,

2005, Congress imposed liability immediately for failure to comply with the requirements of FACTA.

9. In addition, years ago, VISA, Mastercard, and other entities, including Cash Register sellers, began informing retailers of the need to truncate credit card information to comply with various state laws, with VISA or Mastercard policies and/or regulations, and/or FACTA. Indeed, VISA implemented new operations regulations applicable to new Cash Registers, as early as July 2003, in response to legislation in other states requiring suppression of the expiration date and some digits on cardholder receipts, requiring similar suppression of such information for VISA transactions. Defendants ignored all the warnings, as well as the terms of FACTA itself, and continued to print prohibited information on customer receipts.

10. In March 2007, Plaintiff made a purchase at the Ritz Camera store in Glendale, California. Defendants printed Plaintiff's credit card expiration date on the electronically-printed receipt provided to Plaintiff in connection with her purchase.

11. Since January 1, 2005, and within the applicable statute of limitations period, Defendants printed the expiration date and/or printed more than the last five digits of Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Defendants and the Class Members. To the extent Defendants did so using Cash Registers that were first put in use on or after January 1, 2005, Defendants violated 15 U.S.C. § 1681c(g).

12. On or after December 4, 2006, Defendants printed the expiration date and/or printed more than the last five digits of the Class Members' credit card or debit card numbers on the receipts provided to the Class Members at the point of a sale or transaction between Defendants and the Class Members. Each and every

receipt violated 15 U.S.C. § 1681c(g), irrespective of when the Cash Register was put into use.[1]

13. Defendants' violations, as alleged herein, were not an accident or an isolated oversight. Rather, Defendants knowingly and intentionally continued to use Cash Registers which were not programmed to, or otherwise did not, comply with Section 1681c(g). Defendants knew that their receipt-printing practice contravened the rights of consumers under FACTA, or, at a minimum, recklessly disregarded whether their practice contravened consumers' rights. In effect, Defendants ignored the law, thereby placing Plaintiff and the Class at greater risk of identity theft.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure, rules 23(a) and 23(b)(3) on behalf of herself and the following subclasses:

a. "Subclass One": all persons in the United States who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the expiration date of the person's credit or debit card.

b. "Subclass Two": all persons in the United States who, during the two years prior to the filing of this Complaint through December 3, 2006, were provided at the point of sale or transaction with an electronically-printed receipt by Defendants on which Defendants printed more than the last five digits of the person's credit card or debit card number, or on which Defendants printed the

---

[1] Defendants are required and hereby requested to preserve and maintain all relevant evidence, including but not limited to written and electronic records, communications and documents relating to (1) FACTA and/or similar truncation laws or regulations; (2) its credit and debit transactions, nationwide, in particular stores/business locations and at particular Cash Registers; and (3) the acquisition, use and discontinuation of use of particular Cash Registers, POS systems, terminals or other equipment that print credit and/or debit card receipts

expiration date of the person's credit or debit card, by using a Cash Register that was first put into use on or after January 1, 2005.

Said definitions may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

15. There is a well-defined community of interest in the litigation. The members of the proposed subclasses can be ascertained from Defendants' records or from information readily accessible to Defendants. Notice can be sent to Class Members by mail, email, publication in newspapers and periodicals, or other means authorized by the Court.

16. The Class Members are so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes and thereon alleges that the size of the class numbers in the thousands.

17. Plaintiff will fairly and adequately protect the interests of the class, and Plaintiff has no interests adverse to the interests of the class. Plaintiff's attorneys are experienced class action attorneys, and will fully and adequately represent and protect the class, and are ready, willing and able to do so.

18. Common questions of law and fact exist as to the Class Members, and predominate over any questions that affect only individual Class Members. Such common questions include, but are not limited to, the following:

a. Whether Defendants' conduct in printing prohibited information on Plaintiff and Class Members' receipts violated the FCRA;

b. Whether Defendants' conduct, if violative of the FCRA, was willful under applicable legal standards;

c. Whether Plaintiff and the Class Members are entitled to recover statutory damages based on Defendants' violations of the FCRA;

d. Whether Plaintiff and the Class Members are entitled to recover punitive damages based on Defendants' violations of the FCRA; and

e. Whether Plaintiff and the Class Members are entitled to recover

6
CLASS ACTION COMPLAINT

1 attorneys' fees and costs under the FCRA.

2  19.  Plaintiff's claims are typical of the claims of the Class. Plaintiff and the Class were subjected to the same unlawful conduct. The claims of Plaintiff and the Class are based on the same legal theories.

20.  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impracticable. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions engender.

21.  Absent a class action, Defendants will likely retain the benefits of their wrongdoing. Because of the small size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class Members will continue to suffer losses, and Defendants will be allowed to continue these violations of law.

### FIRST CLAIM FOR RELIEF
**(Against all Defendants for Willful Noncompliance with 15 U.S.C. § 1681 et seq.)**

22.  Plaintiff hereby incorporates by reference paragraphs 1 through 21 above.

23.  During the relevant time period, as alleged above, Defendants repeatedly and systematically printed statutorily-prohibited information (i.e., the expiration date of a consumer's credit card or debit card and/or more than the last five digits of a consumer's credit card or debit card number) on receipts it provided at the point of a sale or transaction to consumers, including Plaintiff and Class Members, in violation of 15 U.S.C. § 1681c(g).

24.  Plaintiff is informed and believes and based thereon alleges that Defendants' conduct was pursuant to Defendants' policies, routine practices,

procedures and customs for electronically printing receipts, at least with respect to certain stores and/or Cash Registers which inexcusably failed to comply with the law.

25. Defendants knew or recklessly disregarded that their use of Cash Registers that did not comply with the law and that their printing of prohibited information on customers' receipts was in contravention of Plaintiff's and Class Members' rights. As such, Defendants' violations of the FCRA, as alleged by Plaintiff on behalf of herself and the Class, were "willful" for purposes of the FCRA.

26. As a result of Defendants' willful violation of § 1681c(g), Plaintiff and the Class are entitled to monetary relief under 15 U.S.C. § 1681n of not less than $100 and not more than $1,000 for each violation by Defendants.

27. As a result of Defendants' willful violation of § 1681c(g), Plaintiff and the Class are also entitled to punitive damages in an amount to be proven at trial pursuant to 5 U.S.C. § 1681n.

## REQUEST FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

a. Certifying the case as a class action, and designating Plaintiff as representative of the class and her counsel of record as Class Counsel;

b. Awarding Plaintiff and the Class "statutory damages" under 15 U.S.C. § 1681n for each willful violation as alleged herein;

c. Awarding Plaintiff and the Class punitive damages under 15 U.S.C. § 1681n in an amount to be proven at trial;

d. Awarding Plaintiff and the Class their reasonable attorneys' fees;

e. Awarding Plaintiff and the Class their costs of suit incurred herein;

f. Awarding Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

g. Awarding Plaintiff and the Class such other and further relief as may be just and proper.

DATED: April 9, 2007                    MILSTEIN, ADELMAN & KREGER, LLP

                                        _____
                                        By: Launa N. Everman
                                        Attorneys for Plaintiff,
                                        SHOGHER ANDONIAN

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 9, 2007                    MILSTEIN, ADELMAN & KREGER, LLP

                                        _____
                                        By: Launa N. Everman
                                        Attorneys for Plaintiff,
                                        SHOGHER ANDONIAN

CLASS ACTION COMPLAINT