1  Richard T. Williams  (State Bar No. 52896)
   Tara L. Cooper (State Bar No. 239018)
2  HOLLAND & KNIGHT LLP
   633 West Fifth Street, 21st Floor
3  Los Angeles, California 90071-2040
   Telephone  (213) 896-2400
4  Facsimile (213) 896-2450
   E-mail: richard.williams@hklaw.com
5
   David Gonden (State Bar No. 154306)
6  HOLLAND & KNIGHT LLP
   50 California Street, #2800
7  San Francisco, California 94111
   Telephone (415) 743-6900
8  Facsimile  (415) 743-6915
   E-mail: david.gonden@hklaw.com
9
   Attorneys for Defendant
10 Ritz Camera Centers, Inc.

11

12              UNITED STATES DISTRICT COURT

13           CENTRAL DISTRICT OF CALIFORNIA

14              (LOS ANGELES DIVISION)

15 SHOGHER ANDONIAN,                 ) CIVIL ACTION NO. CV 07-2349 JSL
   individually and all others similarly ) (FMOX)
16 situated,                         )
                                     )
17        Plaintiff,                 )
                                     )
18        vs.                        )
                                     ) ANSWER OF DEFENDANT RITZ
19 RITZ CAMERA CENTERS, INC.,        ) CAMERA CENTERS, INC. TO
                                     ) COMPLAINT FOR DAMAGES AND
20        Defendant.                 ) INJUNCTIVE RELIEF
                                     )
21                                   ) [15 U.S.C. §§ 1681c(g)]
                                     ) CLASS ACTION
22                                   )
                                     ) JURY TRIAL DEMANDED
23                                   )
                                     )
24                                   )
                                     )
25 _____)

26     Defendant Ritz Camera Centers, Inc. ("RCCI"), submits this Answer and

27 Affirmative Defenses to Plaintiff's Complaint For Damages ("Complaint"):

28

                                    1

1    1.    Answering Paragraph 1, RCCI admits that this action is purportedly

2    brought pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3    2.    Answering Paragraph 2, RCCI admits that venue in this action is

4    purportedly based on 28 U.S.C. § 1391(b); except as expressly so admitted, RCCI

5    is without knowledge or information sufficient to form a belief as to the truth of the

6    allegations in said Paragraph, and on that basis denies each and every allegation

7    contained therein.

8    3.    Answering Paragraphs 3 and 6, RCCI  is without knowledge or

9    information sufficient to form a belief as to the truth of the allegations in said

10    Paragraphs, and on that basis denies each and every allegation contained therein.

11    4.    Answering Paragraph 4, RCCI admits that it is a corporation

12    incorporated under the laws of the State of Delaware with headquarters in

13    Beltsville, Maryland.  RCCI admits that it operates retail stores in this judicial

14    district and throughout the United States.  RCCI admits that it transacts business in

15    the United States and that it accepts particular credit cards and debit cards in the

16    course of transacting business at its retail stores.  Except as expressly so admitted,

17    RCCI denies each and every allegation contained in said Paragraph.

18    5.    Answering Paragraphs 5, 7, 9, 10, 11, 12, 13, 23, 24, 25, 26, and 27,

19    RCCI denies each and every allegation contained therein and specifically denies

20    that Plaintiff or any purported class members were damaged in any amount by

21    reason of RCCI's conduct.

22    6.    Answering Paragraph 8, RCCI alleges that the referenced federal

23    statute is the best evidence of its contents; further, the allegations contained in said

24    Paragraph are legal conclusions not subject to answer; RCCI admits that 15 U.S.C.

25    § 1681c(g) contains the sentence quoted in said Paragraph.  Except as so answered,

26    RCCI denies each and every such allegation contained therein.

27    7.    Answering Paragraphs 14, 15, 16, 17, 18, 19, 20, and 21, RCCI admits

28    that Plaintiff purports to allege she brings this action on behalf of herself and

1  others and purports to define a class and exclusions there from; except as

2  specifically so admitted, RCCI denies that the allegations in these Paragraphs meet

3  the requirements of Federal Rules of Civil Procedure Rule 23. RCCI is without

4  knowledge or information sufficient to form a belief as to the truth of the

5  remaining allegations in these Paragraphs, and on this basis denies each and every

6  allegation contained therein.

7      8.    Answering Paragraph 22, RCCI repeats, realleges and incorporates by

8  reference each of its admissions, denials and allegations answering Paragraphs 1

9  through 21 of the Complaint.

10

11              AFFIRMATIVE DEFENSES

12               Failure to State a Claim

13     9.    The Complaint, including each purported cause of action therein, fails

14  to state a claim upon which relief can be granted.

15               Lack of Willfulness

16     10.    The claims of the named Plaintiff on her own behalf and on behalf of

17  the putative class members (collectively, for the purposes of these Affirmative

18  Defenses, the "plaintiffs") are barred, in whole or in part, by the absence of

19  willfulness of conduct by RCCI.

20               Primary Jurisdiction

21     11.    Plaintiffs' claims fall within the primary jurisdiction of the Federal

22  Trade Commission.

23                Lack of Standing

24     12.    Plaintiffs lack standing to assert these claims because, *inter alia*, they

25  have sustained no injuries.

26

27

28

RITZ CAMERA CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

1

<u>Mootness</u>

2    13.    Upon information and belief, claims of many putative class members

3    are moot because RCCI has complied with FACTA with respect to credit card or

4    debit card receipts provided to such persons.

5

<u>Fault of Others</u>

6    14.    Upon information and belief, if plaintiffs sustained damages, which is

7    denied, the damages were caused solely by or contributed to by the acts and fault

8    of third parties and were not caused or contributed to by any acts or fault of RCCI.

9

<u>Disclaimer of Liability for Consequential and other Damages</u>

10    15.    Plaintiffs' claims are barred in whole or in part to the extent RCCI

11    disclaimed liability for any consequential damages, loss of time or inconvenience

12    arising from transactions with RCCI..

13

<u>Failure to Mitigate Damages</u>

14    16.    Plaintiffs have failed, in whole or in part, to mitigate their alleged

15    damages.

16

<u>Constitutionality of Punitive Damages</u>

17    17.    Plaintiffs' request for punitive damages cannot be sustained because

18    an award of punitive damages by a jury that (1) is not provided constitutionally

19    adequate standards of sufficient clarity for determining the appropriate imposition

20    of, and the appropriate size of, a punitive damages awarded, (2) is not adequately

21    instructed on the limits of punitive damages imposed by the applicable principles

22    of deterrence and punishment, (3) is not expressly prohibited from awarding

23    punitive damages, or determining the amount of an award of punitive damages, in

24    whole or in part on the basis of invidiously discriminatory characteristics,

25    including without limitation the residence, wealth, and corporate status of RCCI,

26    (4) is permitted to award punitive damages under a standard for determining

27    liability for punitive damages that is vague and arbitrary and does not define with

28    sufficient clarity the conduct or mental state that makes punitive damages

1    permissible, (5) is not properly instructed regarding plaintiffs' burden of proof with

2    respect to each and every element of a claim for punitive damages, or (6) is not

3    subject to trial court and appellate judicial review for reasonableness and

4    furtherance of legitimate purposes on the basis of constitutionally adequate and

5    objective standards violates RCCI's due process and equal protection rights

6    guaranteed by the Fifth and Fourteenth Amendments to the United States

7    Constitution, and would be improper under the common law and public policies of

8    the United States.

9        18.    Plaintiffs' request for punitive damages also cannot be sustained

10   because the applicable laws regarding the standards for determining liability for

11   and the amount of punitive damages fail to give RCCI prior notice of the conduct

12   for which punitive damages may be imposed and the severity of the penalty that

13   may be imposed and are void for vagueness in violation of RCCI's due process

14   rights guaranteed by the Fifth and Fourteenth Amendments to the United States

15   Constitution.

16       19.    Further, plaintiffs' request for punitive damages against RCCI cannot

17   be sustained, because an award of punitive damages, subject to no predetermined

18   limit, such as a maximum multiple of compensatory damages or a maximum limit

19   on the amount of punitive damages that may be imposed, or assessed without a

20   reasonable relationship to the reprehensibility proven as to RCCI's conduct, or

21   assessed without a relationship to the financial condition of RCCI,  would violate

22   RCCI's due process rights guaranteed by the Fifth and Fourteenth Amendments to

23   the United States Constitution, would violate RCCI's right not to be subjected to an

24   excessive award in violation of the Eighth Amendment to the United States

25   Constitution, and would be improper under the common law.

26       20.    Moreover, plaintiffs' request for punitive damages against RCCI

27   cannot be sustained, because an award of punitive damages exceeding the limits

28   authorized by the criminal laws or other comparable laws would violate RCCI's

1    due process and equal protection rights guaranteed by the Fifth and Fourteenth

2    Amendments to the United States Constitution, and would be improper under the

3    common law.

4        21.    Plaintiffs' request for punitive damages against RCCI also cannot be

5    sustained because any award of punitive damages under applicable law, which

6    would be penal in nature, without affording RCCI the same protections that are

7    afforded to all criminal defendants, including the protection against self-

8    incrimination, and the burden of proof against such defendants of proof beyond a

9    reasonable doubt, *inter alia*, would violate RCCI's rights guaranteed under the

10    Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth

11    Amendment to the United States Constitution, and would be improper under the

12    common law.

13        22.    RCCI further states that the Complaint fails to state sufficient facts to

14    support the prayer for punitive damages against RCCI.

15                Constitutionality of Civil Penalty/Statutory Damages

16        23.    Plaintiffs' request for a civil penalty in the form of statutory damages

17    cannot be sustained because an award of civil penalty/statutory damages would

18    operate in this litigation in the same manner and for the same purposes as  punitive

19    damages, and an award by a court or jury that (1) is not provided constitutionally

20    adequate standards of sufficient clarity for determining the appropriate imposition

21    of, and the appropriate size of, a punitive damages awarded, (2) is not adequately

22    instructed on the limits of punitive damages imposed by the applicable principles

23    of deterrence and punishment, (3) is not expressly prohibited from awarding

24    punitive damages, or determining the amount of an award of punitive damages, in

25    whole or in part on the basis of invidiously discriminatory characteristics,

26    including without limitation the residence, wealth, and corporate status of RCCI,

27    (4) is permitted to award punitive damages under a standard for determining

28    liability for punitive damages that is vague and arbitrary and does not define with

1    sufficient clarity the conduct or mental state that makes punitive damages

2    permissible, (5) is not properly instructed regarding Plaintiffs' burden of proof with

3    respect to each and every element of a claim for punitive damages, or (6) is not

4    subject to trial court and appellate judicial review for reasonableness and

5    furtherance of legitimate purposes on the basis of constitutionally adequate and

6    objective standards violates RCCI's due process and equal protection rights

7    guaranteed by the Fifth and Fourteenth Amendments to the United States

8    Constitution, and would be improper under the common law and public policies of

9    the United States.

10        24.    Further, plaintiffs' request for civil penalties/statutory damages, like

11    its request for punitive damages against RCCI cannot be sustained, because an

12    award of civil penalties or punitive damages, subject to an excessive maximum

13    multiple of violations and an excessive maximum limit on the amount of civil

14    penalties that may be imposed, or assessed without a reasonable relationship to the

15    reprehensibility proven as to RCCI's conduct, or assessed without a relationship to

16    the financial condition of RCCI,  would violate RCCI's due process rights

17    guaranteed by the Fifth and Fourteenth Amendments to the United States

18    Constitution, and, though misnomered as civil penalties, would violate RCCI's

19    right not to be subjected to an excessive award in violation of the Eighth

20    Amendment to the United States Constitution, and would be improper under the

21    common law.

22        25.    Moreover, plaintiffs' request for civil penalties against RCCI cannot

23    be sustained, because an award of misnomered civil penalties/statutory damages,

24    like an award of punitive damages,  exceeding the limits authorized by the criminal

25    laws or other comparable laws would violate RCCI's due process and equal

26    protection rights guaranteed by the Fifth and Fourteenth Amendments to the

27    United States Constitution, and would be improper under the common law.

28

26.    Plaintiffs' request for misnomered civil penalties/statutory damages against RCCI also cannot be sustained because any civil penalties, like an award of punitive damages under applicable law, would be penal in nature, without affording RCCI the same protections that are afforded to all criminal defendants, including the protection against self-incrimination, and the burden of proof against such defendants of proof beyond a reasonable doubt, *inter alia*, would violate RCCI's rights guaranteed under the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment to the United States Constitution, and would be improper under the common law.

27.    RCCI further states that the Complaint fails to state sufficient facts to support the prayer for civil penalties/statutory damages against RCCI.

<u>Notice of Additional Affirmative Defenses</u>

28.    RCCI hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

WHEREFORE, RCCI demands judgment dismissing the Complaint, awarding to RCCI its costs of suits, attorneys fees to the extent recoverable under law, and such other and further relief as this Court may deem just and proper.

////
////
////
////
////

Dated:  May 23, 2007

HOLLAND & KNIGHT LLP
Richard T. Williams

By: Richard T William
Richard T. Williams
Attorneys for Defendant
Ritz Camera Centers, Inc.

1

## DEMAND FOR TRIAL BY JURY

2      Defendant Ritz Camera Centers, Inc., hereby demands trial by jury of all

3  claims and causes of action in the Complaint herein.

4  Dated: May 23, 2007                    HOLLAND & KNIGHT LLP
                                          Richard T. Williams
5

6                                         By: _____

7                                              Richard T. Williams
                                          Attorneys for Defendant Ritz Camera
8                                         Centers Inc.

9

10

11

12

13      # 4563886_v1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RITZ CAMERA CENTERS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

<u>Shogher Andonian v. Ritz Camera Centers, Inc., etc.</u>
USDC-Central District of California, Case No. CV07-2349 JSL (FMOx)

<u>PROOF OF SERVICE</u>

State of California   )
                    )    ss.
County of Los Angeles )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

      On **May 23, 2007**, I served the document described as **ANSWER OF DEFENDANT RITZ CAMERA CENTERS, INC. TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** on the interested parties in this action, enclosed in a sealed envelope, addressed as follows:

> Wayne S. Kreger
> Launa N. Everman
> Milstein, Adelman & Kreger, LLP
> 2800 Donald Douglas Loop North
> Santa Monica, CA  90405
> (310) 396-9600
> (310) 396-9635 – Fax

**X**    **(By Mail)**

Following ordinary business practices, I placed the document for collection and mailing at the offices of Holland & Knight LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed envelope.  I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and, in the ordinary course of business, such correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

(Federal)  I declare under penalty of perjury under the laws of the United States that the above is true and correct and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 23, 2007, at Los Angeles, California.

_____
Gloria Hoshiko